LYMAN ELMORE, Appellee.

*vs.*

NICHOLAS HOFFMAN, FERDINAND SAUER and HENRY MILLMAN, Appellants

APPEAL FROM THE MILWAUKEE CIRCUIT COURT.

As between the maker and payee of a promissory note, all writings made contemporaneously and relating to the same subject matter as the note, are admissible in in evidence to qualify or limit the liability of the maker, or to vary the terms and conditions of the note;—and the same rule holds where the indorsee took the note after maturity, or with knowledge of the equities between the original parties.

A collateral, cotemporaneous agreement in writing between the payee and one of several makers of a note, (being the principal debtor—the other makers having executed the note as accommodation makers, and without any actual consideration to them,) whereby the payee covenanted to give day of payment on the note until the happening of a contingency in the agreement specified, is admissible in evidence to defeat the action on the note.

The Complaint in this case set forth and counted upon a promissory note dated the 8th day of September, A. D. 1856, made by Nicholas Hoffman, Ferdinand Sauer and Henry Millman, for the sum of fifteen hundred and fifty dollars, payable to Adlebert Jung or order, at the State Bank of Wisconsin, nine months after date, which had been endorsed by the said payee to John H. Geve, and by the latter endorsed to the plaintiff below, Lyman Elmore.

The defendants filed their answer denying the allegations of the complaint; and also set forth by way of defense to the note, a contract in writing between Albert Jung and Nicholas Hoffman, bearing date the same day with the note, and reciting that the said Jung agreed to sell the stock of goods then in the store, No. 215, East Water street, Milwaukee, for the sum of $5,650.00, in manner following, to wit :— $1,000.00 cash, on the execution of the agreement; $1,550.00 in three months; $1,550,00 in six months; and $1,550.00 in

nine months from that date, to be secured by notes with satisfactory endorsers; and said Hoffman agreed to take said stock of goods at the price aforesaid, and further to become security for said party of the first part upon a bond to the Sheriff of Milwaukee County, in the penal sum of two thousand dollars, conditioned to pay the amount of any judgment which might be recovered against said Jung in a certain suit in the circuit court of Milwaukee County, wherein John D. Pierce was plaintiff and the said Jung defendant.

And the said Jung covenanted and agreed *to give day of payment* to the said party of the second part upon the last-mentioned note, until the said Hoffman should be legally discharged from the performance of the condition of said bond, or to give other satisfactory security to Hoffman that he should be saved harmless from loss or damage by reason of the signing of said bond.

The answer further avers that the note sued on is the last note described in said written contract, and further, that the suit mentioned in said contract is still pending in the circuit court of Milwaukee County, and that said Hoffman is still legally liable on the said bond, and that said Jung has not executed and tendered other security to indemnify the said Hoffman against said bond, as by the contract he was bound to do before proceeding to collect the note; and further, that the plaintiff, Elmore, had full knowledge of the above contract at the time of the transfer of the note to him, and obtained the same with full knowledge of the terms upon which it was given; and that defendants, Sauer and Millman, were mere accommodation makers of the said note, and never received any consideration whatever therefor.

Upon the trial of the cause in the court below, the defendants below offered in evidence the written agreement set out in their answer as above, to which the plaintiff objected for the following reasons:

I. That the said contract is not between the parties to the suit.

II. That parol proof was not admissible to vary the terms of said note.

Which objection was sustained by the court, and the defendants excepted.

The defendants then offered to prove, in connection with said written agreement, that the plaintiff, at the time he purchased said note, had full knowledge of said agreement, its terms and conditions, which proof was also refused by the court, and the defendants excepted.

The defendants also offered to prove, in connection with said written agreement and said proof of notice thereof to the plaintiff, as aforesaid, that Hoffman did execute the bond to the sheriff of Milwaukee County in the penalty of two thousand dollars, conditioned, and for the purpose, as in said written agreement mentioned, and that the suit was still pending and undisposed of, and the said Hoffman was still liable on the bond, and that Jung had not in any way indemnified him; also that the note sued on, and the said written agreement were made at the same time, and were part and parcel of the same transaction.

All which proof the circuit judge held to be 'inadmissible— deciding that the facts offered did not constitute any defense to the note; to which ruling of the court the defendants also excepted.

And thereupon the plaintiff below had judgment for the amount appearing due upon the note and for costs.

*Finches, Lynde & Miller* for appellants. If a person takes a note over due, or with knowledge of equitable defenses, or under circumstances which ought to have excited suspicion, he takes it subject to equities. 1 *Amer. Lead. Cas.* 192, and cases cited.

While the controversy is between the original parties or their representatives, all their contemporaneous writings, relating to the same subject matter, are admissible in evidence. 1 *Greenlf. Ev.* § 283 : *Hunt vs. Levermore*, 5 *Pick.* 395.

A written agreement made contemporaneous with the execution of a note, qualifying the liability of the maker, as that

it shall be payable on a contingency only, is good between the maker and payee, or indorsee with notice. Clapper. adm. vs. Union Bk. Md. 7 H. & J., 92 ; Britton vs. Bishop et al., 11 Vt. R., 70 ; Bowerbank vs. Montiero, 4 Taunt., 840 ; Carr vs. Stephens, 9 B. & C. 758 ; (17 Eng. C. L. R.) 4 Man. & Ryl. 591 ; Gibbon vs. Scott, 2 Starkie R.. 286 ; Byles on Bills. 76, (marg. paging) ; Edwards on Bills and Prom. Notes, 145, 146, 147, and cases cited ; Pecker vs. Sawyer, 24 Vt. R. 459.

*Martin and Emmons* for Appellee.

We claim, FIRST, that granting the appellee had notice of the agreement, it is no defence to the action. The defence sets up, as a bar to an action against three persons, contractors, a collateral contract in favor of one of those persons. Shed vs. Pierce Junr. et al., 17 Mass. R. 523 : Catskill Bank vs. Messenger, 9 Cow. R., 37 : Harrison vs Close, 2 Johns. R., 448.

SECOND, the answer does.not allege facts sufficient to constitute a defence, and evidence of a material allegation not made in the answer is inadmissible. By the terms of the agreement, Jung was to give day of payment on the note, or to give other satisfactory security to Hoffman to save him harmless from loss or damage by reason of signing the bond. The answer does not allege that such other satisfactory security has not been given, and consequently, evidence that it has been given is not admissible under the present state of the pleadings. Catlin vs Hausen, 1 Duer, 309 ; Gunter vs. Catlin, Id. 253.

*By the Court*, COLE J. We are of the opinion that all the contemporaneous writings relating to the same subject matter were admissible in evidence, and therefore consider the ruling of the Circuit Court respecting the contract of September 8th, 1856, as erroneous. The note upon which the suit was brought and this contract were parts and parcels of the same transaction, and the appellants, in connection with the contract, offered to show that the appellee took the note with full knowledge of all the terms and conditions of the contract. The note there-

fore in his possession was subject to the same equities as though it belonged to the payee, Jung. Consider then this note in the same light as though there were attached to, and made a part of it, all the conditions of the contract affecting its payment, and how does the case stand? One of the conditions of the contract was, that Jung agreed and promised to give day of payment upon the note until Hoffman, the principal defendant, had been legally discharged from all liability upon a certain bond upon which he had become security for Jung. It is not pretended that there is any doubt about the intent and meaning of the parties in entering into this stipulation. The language of the contract is too clear and unambiguous to leave room for a question upon this point. The payee, for a good and valuable consideration promised and agreed to give day of payment on the note, or in other words, not to ask, demand, or attempt to collect the money due upon it until Hoffman should be discharged from liability upon the bond named in the contract. Suppose Jung had brought this action, would a court permit him to recover in the very teeth of a contract taking away his right of action? It would certainly be most inequitable to suffer him to repudiate his written promise, and fly in the face of a most positive, fair engagement. But it is insisted that there is a technical objection to this defence, it being an attempt to bar an action against these contractors by means of a collateral contract in favor of one of these contractors. But we do not so understand the matter. Suppose the condition had been incorporated in the note, that day of payment was to be foreborne until the happening of any event: manifestly the makers could all avail themselves of the defence. Now this note and contract must be read in connection, as really forming *one* contract.

Moreover, we think it quite apparent from the whole contract, that Sauer and Millman were accommodation makers, and never received any consideration for the note. They are unquestionably the "satisfactory endorsers" named in the contract, and therefore it seems the more inequitable to shut out the defence offered. Whatever doubt there may be respecting

Elmore vs. Hoffman, Sauer and Millman.

the strict technical right of the appellants to come in with the defense interposed, we believe we are subserving the cause of substantial justice, and holding the parties to bona fide engagements, by permitting the appellants to set it up in this cause.

The judgment of the circuit court is reversed, and a new trial ordered.